IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

    vs.                                                     Criminal No. 5:04-CR-414 (HGM)

ERIC MILLS,

        Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney<br>Northern District of New York<br>100 S. Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198 | RANSOM REYNOLDS, ESQ.<br>Assistant U.S. Attorney |
| FOR DEFENDANT: | |
| OFFICE OF KENNETH MOYNIHAN<br>120 East Washington Street<br>Suite 927<br>Syracuse, New York 13202 | KENNETH MOYNIHAN, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## BAIL REVOCATION ORDER

    Defendant Eric Mills, who is charged by indictment with unlawful possession by a felon of a firearm which has been shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and has entered a plea of guilty in connection with that

indictment before Senior District Judge Howard G. Munson, was ordered released on conditions by me on August 25, 2004 subject to supervision by the United States Probation Office for the Northern District of New York.

On October 6, 2005 a summons was issued to require the defendant to answer charges set forth in a declaration dated September 13, 2005, and signed by Supervising United States Probation Officer Lori Albright, alleging that defendant had violated one of the conditions of my release order based upon the defendant's arrest by the Syracuse Police Department while on pretrial release.  At his appearance on October 13, 2005, Mills was advised of his rights and a bail revocation hearing was scheduled for October 20, 2005.

By declaration dated October 18, 2005, as amended, Supervising Probation Officer Lori Albright again petitioned the court alleging , in addition to the matter raised in the earlier petition, that on October 10, 2005 the defendant failed to notify Pretrial Services or the court within 72 hours of a contact with law enforcement personnel.  In light of the fact that a revocation hearing was already scheduled for October 20, 2005, no action was taken with respect to the amended declaration.

At his appearance before the court on October 20, 2005 the

defendant, through counsel, waived his right to a bail revocation hearing and agreed to remain in custody, pending sentencing, reserving his right to request that I schedule a detention hearing in the matter at a later time pursuant to 18 U.S.C. § 3142(f).  Based upon the defendant's representations, as confirmed by his attorney, I accept his waiver as knowing and voluntary and, there being no objection on the part of the government, agree to adjourn any further bail proceedings in this matter indefinitely subject to the right of either party to apply to the court for such a hearing at any time in the future.

Based upon the foregoing, it is therefore hereby

ORDERED, that defendant's prior conditional release order, dated August 25, 2004, is hereby RESCINDED and defendant's release status is REVOKED; and it is further

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in

3

charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and it is further

ORDERED that the Clerk is directed to promptly send copies of this order to counsel for the government and defendant by regular mail.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   October 21, 2005
         Syracuse, NY